UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONA S. MILLER,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
                                    /

Case No. 11-CV-13710

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [12] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]

Now before the court is the Magistrate Judge's Report and Recommendation ("R&R") [12], entered May 7, 2012, recommending that Defendant's Motion for Summary Judgment [11] be granted. On May 16, 2012, Plaintiff filed an Objection [13] to the R&R.

### I. Procedural Background

Plaintiff filed for disability insurance benefits ("DIB") and for supplemental security income benefits ("SSI") on January 15, 2010. The claims were denied at the initial administrative stage. Plaintiff appealed and on March 10, 2011, Plaintiff appeared before Administrative Law Judge ("ALJ") Timothy C. Scallen. On April 8, 2011, the ALJ concluded that the Plaintiff was not disabled. On July 27, 2011, the Appeals Council denied review of the ALJ's decision, rendering the ALJ's determination the final decision of the Commissioner. On August 25, 2011, Plaintiff filed a complaint in this court for judicial review of the decision.

### II. Factual Background

The R&R sets out the facts of the case in a clear fashion, and the Court adopts the facts as set out in the R&R.

### III. Standard of Review

This Court reviews objections to a Magistrate Judge's R&R on dispositive issues, such as a decision denying an award of benefits, *de novo*. *See* 28 U.S.C. § 636(b)(1)© (2012). Making certain objections, but failing to raise others, will not preserve all objections a party may have to the R&R. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections to a Magistrate Judge's R&R must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an ALJ's decisions with regards to DBI and SSI benefits, 42 U.S.C. § 405(g) (2012) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted).

In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

In assessing the factual findings, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 409 F.3d 506, 509 (6th Cir. 2007)

(citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).  "However, [the Court] may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision." *Ramsey v. Comm'r of Soc. Sec.*, No. 10-1695, 2011 WL 5966812, at *2 (N.D. Ohio 2011); *see also Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV. Analysis

Plaintiff makes four objections to the Magistrate Judge's R&R.  First, Plaintiff objects to the hypothetical question posed by the ALJ to the Vocational Expert. Plaintiff argues that the hypothetical question should have included more specific information about Plaintiff's particular limitations.  Second, Plaintiff objects to the portion of the R&R that states that receiving modest treatment, such as therapy and prescription medication, was inconsistent with a finding of disability. Third, the Plaintiff objects that Plaintiff's ability to do "very limited daily activities" should not have been taken as evidence of her ability to work on a full-time basis.  Fourth, the Plaintiff objects that the ALJ erroneously determined Plaintiff's credibility.

Plaintiff's first objection is that various moderate limitations described in the Mental Residual Functional Capacity Assessment should have been included in the hypothetical questions asked by the ALJ to the Vocational Expert in determining whether there were jobs available that Plaintiff could successfully work.  Specifically, Plaintiff argues that her RFC noted "moderately limited ability" to maintain attention and concentration for extended periods, accept instructions, respond to criticism from superiors, and respond appropriately to changes in the work setting.  Tr. 266-67. Plaintiff argues, without citation to case law, that because the ALJ failed to include these factors in his hypothetical, that the "manner in which the hypothetical question was worded gave

3

the ALJ's conclusion rather than factors to be considered."[1]

However, the ALJ did, in fact, ask a hypothetical to the VE about a person who "required unscheduled breaks due to panic or anxiety attacks . . ." and about a person with "marked limitations in concentration, pace and focus due to all the various limitations as the claimant testified to as well as the depression and the daily anxiety and depression as well as the panic attacks. . . ." Tr. at 57-58. The VE found that such a person would not be employable. However, as explained further below, the ALJ did not find Plaintiff credible in terms of a number of the limitations about which she complained.

The Court finds that the hypothetical question posed to the VE sufficiently took into account Plaintiff's ability to work and Residual Functional Capacity Assessments based on the ALJ's view of the evidence and assessment of Plaintiff's credibility. Plaintiff provides no case law in support of her argument that the ALJ was required to specifically include each limitation described in her Mental Residual Functional Capacity Assessment. The Court finds that the ALJ's determinations, as encapsulated in the hypothetical to the VE, were supposed by substantial evidence, and thus Plaintiff's objection is DENIED.

Plaintiff's second objection is that "there is no requirement that a claimant be hospitalized in order to demonstrate or prove disability." Specifically, Plaintiff criticizes language in the R&R wherein the Magistrate Judge states that Plaintiff "received only modest treatment, such as therapy and prescription medication, which is inconsistent with a finding of disability." Plaintiff argues, without support in case law, that "there is no requirement that a claimant be hospitalized in order to demonstrate or prove disability."

---

[1] The ALJ asked the Vocational Expert about an individual with "non-exertional limitations of simple, routine, repetitive tasks. A low-stress environment. And occasional interactions with the public." Tr. at 56.

4

The Court agrees that there is no requirement that a person have been hospitalized in order to demonstrate or prove disability. However, the ALJ, in his decision, did not reference hospital visits, but simply referred to the fact that Plaintiff's treatment was "routine and conservative," and included this information as part of the determination that Plaintiff was not disabled. The ALJ's reliance on Plaintiff's treatment regimen as part of his finding of "not disabled" is supported by substantial evidence. Plaintiff's second objection is DENIED.

As to Plaintiff's third objection, it is unclear whether the objection is directed to the Magistrate Judge's R&R or the ALJ's decision. Plaintiff argues that "Plaintiff's ability to do very limited daily activities at her own pace despite fatigue and the need to rest periodically throughout the day are not compatible with the performance of work on a full-time basis . . . ." Plaintiff cites a number of cases that indicate that the ability to perform daily chores and housekeeping is not equivalent to a full-time job and "does not necessarily indicate an ability to perform substantial gainful activity."

An analysis of the ALJ's decision reveals that the ability of Plaintiff to carry out basic "daily activities" was one of a number of factors that the ALJ considered in determining that Plaintiff "retains the ability to perform a limited range of light work." Tr. at 18-19. None of the cases cited by Plaintiff indicate that an ALJ may not consider the ability of a plaintiff to do household chores in their overall assessment of whether a plaintiff is completely disabled and unable to perform any work. Plaintiff has not demonstrated that the ALJ lacked substantial evidence to support a finding that Plaintiff was not disabled. This objection is DENIED.

As to Plaintiff's fourth objection, Plaintiff argues that the ALJ's reasoning regarding Plaintiff's credibility was circular, as the ALJ stated that:

5

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual function capacity assessment.

Tr. at 17.

Plaintiff omits the very next sentence of the ALJ's decision, which goes on to explain that "[t]he evidence of record fails to establish the presence of an impairment that would account for the disabling symptoms and limitations alleged by the claimant. In fact, the record does not reflect any treatment for the claimant's alleged impairments from her alleged onset date until over a year later." Tr. at 17. The ALJ then goes on to a lengthy discussion regarding why, in the ALJ's opinion, Plaintiff was not credible in terms of the amount of pain and disabling symptoms she had experienced. Thus, contrary to Plaintiff's assertion, the ALJ did not fail to explain, and did explain in a circular manner, his determination of Plaintiff's credibility, but rather linked his credibility determination to inconsistencies between Plaintiff's testimony and medical evidence in the record. As such, Plaintiff's fourth objection is DENIED.

## VII. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** as the findings of the Court. Plaintiff's objections are **DENIED**. Defendant's Motion for Summary Judgment [11] is **GRANTED**.

**SO ORDERED**.

                                            s/Arthur J. Tarnow
                                            Senior United States District Judge

Dated: August 22, 2012

6